UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JACOB LEE JORDAN** | **CIVIL ACTION NO. 14-837-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **STEVE HAYDEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jacob Lee Jordan ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on April 17, 2014. Plaintiff is currently incarcerated at the Elayn Hunt Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names the David Wade Correctional Center, Steve Hayden, Lonnie Nail, Ryan Kimball, and Sergeant Henry as defendants.

Plaintiff claims that in August of 2013, he was placed on standard suicide watch. He claims he requested to be placed in the restraint chair or the four-point restraint because he was thinking of killing himself and because the demons in his mind were telling him to throw human waste or spit on the staff members. He claims Steve Hayden told him that he

would not be restrained until he was seen harming himself. Plaintiff claims he has a history of mental illness and should not have to harm himself or someone else before he receives the requested help.

Plaintiff claims that in October of 2013, he requested to be moved to another cell because he was having problems with his cell mate. He claims there were sexually inappropriate actions and violence after his requests. He claims his requests were ignored by Mr. Nail.

Plaintiff claims he received a rule violation report because of violence with his cell mate. He claims that in May and June, Mr. Hayden charged him with two false rule violations. He claims he did not threaten to spit on Mr. Hayden or threaten his family. He claims he was denied a parole hearing and was placed on extended lock-down because of the false rule violation charges.

Plaintiff claims Captain Ryan Kimball tried to get in a fist fight with him because he requested to be placed on suicide watch. He claims that Captain Kimball tried to talk him out of being placed on suicide watch and when he spoke to another deputy about it, he took him to a room and tried to fight him. He claims Sargent Henry then took him to another room and tried to scare him.

Accordingly, Plaintiff seeks to be transferred to another facility, monetary compensation, injunctive relief, and his disciplinary charges and/or convictions dismissed and his liberties restored.

For the following reasons, Plaintiff's complaint should be dismissed with prejudice

as frivolous.

## LAW AND ANALYSIS

**Mental Health Treatment**

Plaintiff claims that in August of 2013, he was placed on standard suicide watch instead of in a restraint chair or a four-point restraint. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. Disagreement with the diagnostic measures or

methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits he was placed on standard suicide watch. Plaintiff simply disagrees with the diagnosis and treatment ordered by prison officials. He felt he should have been placed in a restraint chair or the four-point restraint. As previously stated, a disagreement with the diagnosis of prison officials does not state a claim for Eighth Amendment indifference to medical needs. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not

rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical claims should be dismissed with prejudice as frivolous.

**Cell Placement**

Plaintiff claims his requests to be moved to another cell because he was having problems with his cell mate were ignored. He claims there were sexually inappropriate actions and violence after his transfer requests.

Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and

is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so even after being ordered to amend his complaint.

Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Rule Violation Reports**

Plaintiff claims Steve Hayden charged him with two false rule violations. Plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report. Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984); Cardine v. Tucker, 23 F.3d 406 (Table), 1994 U.S. App. LEXIS 17566 (6th Cir. 1994). Accordingly, in the instant case, even if the actions of Defendant resulted in false disciplinary action being taken against him, Plaintiff's claim against them is not cognizable because he has no constitutional protection from being wrongly charged with a disciplinary offense.

Accordingly, Plaintiff claims regarding false disciplinary reports should be dismissed with prejudice as frivolous.

**Verbal Abuse**

Plaintiff claims Captain Kimball and Sargent Henry harassed him. He claims they taunted him and tried to scare him. Plaintiff's claims of verbal abuse and harassment fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment

violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997) (citing Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir.1995). See Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

Accordingly, Plaintiff's claims regarding verbal threats should be dismissed with prejudice as frivolous.

**Habeas Claims**

As relief, Plaintiff seeks to have his disciplinary charges and/or convictions dismissed and his liberties restored. Plaintiff alleges that his disciplinary charges and/or convictions are unlawful and seeks restoration of his liberties. Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a habeas corpus proceeding. This determination is made by focusing on "the scope of relief actually sought." Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus. See Preiser v. Rodriguez, 411

U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)). Plaintiff is challenging his disciplinary charges and/or convictions and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time. Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982). From the information provided in Plaintiff's complaint, it does not appear that he challenged his disciplinary charges and/or convictions in the state court system. Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and his request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge

at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 28th day of July, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge